1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  LEROY STORIE,                    )    1:10-cv-02236JLT HC
                                     )
12               Petitioner,         )    ORDER TO SHOW CAUSE WHY THE
                                     )    PETITION SHOULD NOT BE DISMISSED
13        v.                         )    FOR VIOLATION OF THE ONE-YEAR
                                     )    STATUTE OF LIMITATIONS
14                                   )
    M. C. KRAMER,                    )    (Doc. 1)
15                                   )
                 Respondent.         )
16  _____ )

17

18                          **PROCEDURAL HISTORY**

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

    November 23, 2010.[1]  A preliminary review of the Petition, however, reveals that the petition may be
21

22  ─────────────────────

23        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
    deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
    clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
24  mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
    adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
25  Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
    AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
26  other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.
    2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
27  possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson,
    330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition,
28  the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears
    on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

                                          1

1   untimely and should therefore be dismissed.

2   **DISCUSSION**

3   A.  Preliminary Review of Petition

4   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

5   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

6   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

7   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

10  Cir.2001).

11  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

12  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

13  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

14  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

15  Herbst.

16  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

17  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

19  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

20  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

21  (1997).  The instant petition was filed on November 23,  2010, and thus, it is subject to the

22  provisions of the AEDPA.

23  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

24  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

25  reads:

26  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The
27  limitation period shall run from the latest of –

28  ──────────────────

running of the statute of limitation.  Petitioner signed the instant petition on November 23, 2010.  (Doc. 1, p. 6).

1    (A) the date on which the judgment became final by the conclusion of direct
2    review or the expiration of the time for seeking such review;

3    (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is removed, if
4    the applicant was prevented from filing by such State action;

5    (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
6    retroactively applicable to cases on collateral review; or

7    (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

8    (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
9    not be counted toward any period of limitation under this subsection.

10   28 U.S.C. § 2244(d).

11        In most cases, the limitation period begins running on the date that the petitioner's direct

12   review became final.  Here, the Petitioner was convicted on February 9, 2001 and sentenced on

13   March 13, 2001 to a determinate term of twenty-two years.[2]  (Doc. 1, p. 1; Doc. 19, Lodged

14   Documents ("LD") 1).   On February 26, 2002, California Court of Appeal for the Fifth Appellate

15   District ("5th DCA") denied the appeal.  (LD 2).  Petitioner has not alleged, and there is no evidence

16   to establish, that he ever filed a Petition for Review in the California Supreme Court during his direct

17   appeal.  Thus, direct review would have concluded and Petitioner's conviction would have become

18   final, forty days after the California Court of Appeal filed its opinion on February 26, 2002.  See Cal.

19   Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809

20   (9th Cir. 2002).  That date would be April 7, 2002.  Petitioner would then have one year from the

21   following day, April 8, 2002, or until April 7, 2003, absent applicable tolling, within which to file his

22   federal petition for writ of habeas corpus.

23        In case no. 1:06-cv-01796-AWI-TAG, this Court concluded that the Petitioner's earlier

24   _____

25   [2]These facts are taken from this Court's Findings and Recommendations in a prior habeas corpus proceeding filed
     in this Court by Petitioner in case no. 1:06-cv-01796-AWI-TAG.  In that case, as in this one, Petitioner was challenging his
     2001 conviction in the Kern County Superior Court.  On February 6, 2009, the Court in case no. 1:06-cv-01796-AWI-TAG
26   issued Findings and Recommendations to grant Respondent's motion to dismiss the petition as untimely, and on March 31,
     2009, the U. S. District Judge adopted the Magistrate Judge's Findings and Recommendations, entered judgment against
27   Petitioner, and closed the file.  In Respondent's motion to dismiss in that case, Respondent lodged documents relevant to the
     petition's timeliness under the AEDPA and, based on those lodged documents, the Court made findings in its Findings and
28   Recommendations in that case.  The references in this section to document and page numbers refer to the lodged documents
     in that earlier case.

petition, filed on December 7, 2006, was untimely under the AEDPA as having been filed three and

one-half years after the one-year period had expired.[3]  In the current matter, Petitioner filed the

instant petition on November 23, 2010, over seven and one-half years *after* the limitations period

expired.  Under normal circumstances, the Court would next turn to the issue of statutory tolling to

see if there are grounds for finding the instant petition timely under the AEDPA.

It appears, however, that Petitioner is contending that, because the claims in the instant

petition are premised on the United States Supreme Court's holding in Cunningham v. California,

549 U.S. 270, 127 S.Ct. 856 (2007), which held that California's determinate sentencing law was

unconstitutional because it permitted trial courts to sentence defendants to the upper term based on

facts that had not been proven to a jury beyond a reasonable doubt, his claim under the AEDPA did

not accrue until after Cunningham was announced, thereby making the instant petition timely.

Petitioner is mistaken.

As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when

"the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence,"  Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting*

Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually

discovered by Petitioner and not when Petitioner understands the *legal theories available to him or*

*the legal significance of the facts* that he discovers.  Due diligence does not require "the maximum

feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v.

Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004);

see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).  It is not necessary for a

petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner

understands the facts themselves.  Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time

begins when the prisoner knows (or through diligence could discover) the important facts, not when

the prisoner recognized their legal significance.")  To "have the factual predicate for a habeas

petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the

---

[3]The Court reached that conclusion after considering the tolling effects, or lack thereof, of various state habeas petitions filed by petition to exhaust the claims raised in the earlier petition.

1  exercise of due diligence could have discovered) facts suggesting both unreasonable performance

2  and resulting prejudice." Hasan, 254 F.3d at 1154.  In order to claim the benefit of tolling in this

3  case, it is Petitioner's burden to establish it.  Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002);

4  Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5

5  F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would

6  give rise to tolling).

7          Here, no later than the conclusion of his trial in 2001, Petitioner was aware that the trial court

8  was sentencing him on enhancements that had not been submitted to and found true by the jury.

9  That Petitioner, due to his lack of legal training, may not have appreciated the legal significance of

10  those facts vis-a-vis a federal habeas petition, does not alter the fact that he was aware of these

11  *factual bases* for his claims no later than the end of his criminal trial.  Accordingly, even under

12  subsection (d)(1)(D), the one-year period would have commenced and expired within a year of that

13  date.

14          Presumably, Petitioner is contending that he could not have had a federal claim based on

15  Cunningham until that case was decided on January 22, 2007.  Under this view of § 2244(d)(1)(D),

16  the one-year limitations period would begin when a prisoner actually understands what legal theories

17  are available to him.  However, as mentioned previously, such an interpretation is incorrect.

18  According to the wording of the statute, the one-year time limit commences on the date the "factual

19  predicate of the claim or claims presented could have been discovered through the exercise of due

20  diligence," not when it was actually discovered by the petitioner.  In addition, the trigger in

21  § 2244(d)(1)(D) is the discovery, actual or imputed, of the claim's "factual predicate," *not* the

22  appreciation of the facts' legal significance.  Stated differently, the time begins when the prisoner

23  knows, or through diligence could discover, the salient facts, not when he recognizes the legal

24  significance of those facts.

25          In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the

26  enhancements imposed on him as of the Kern County Superior Court's sentencing in 2001 was based

27  in part upon facts not found by a jury beyond a reasonable doubt.  Thus, the United States Supreme

28  Court's decision in Cunningham some six years after Petitioner was sentenced did not provide

5

1  Petitioner with the "factual predicate" for his claim of an unconstitutional sentence.  Cunningham

2  merely provided additional context for the legal significance of those facts.  As such, the one-year

3  limitation period commenced from the "normal" date, i.e., the day following the conclusion of direct

4  review, i.e., on April 8, 2002, not the date Cunningham was decided.

5       Even were this not the case, Petitioner still could not avail himself of the decision in

6  Cunningham.  In Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that the

7  Cunningham decision, by holding that the decision was compelled by the Supreme Court's prior

8  decision in Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a

9  petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not

10  his conviction became final before Blakely, *not* Cunningham, was decided.  Citing Teague v. Lane,

11  489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

12       Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing
         schemes that raise the maximum possible term based on facts not found by a jury violate the
13       constitutional rights of defendants. [Cunningham, supra,] at 306.   No principles of comity or
         federalism would be served by refusing to apply this rule to functionally indistinguishable
14       state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule
         of constitutional law and may be applied retroactively on collateral review*.

15

16  Butler, supra, at 639. (Emphasis supplied).  Blakely is therefore the case on which Petitioner's case

17  depends because Blakely is not retroactively applied.  Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir.

18  2005).  In other words, Cunningham cannot be applied retroactively for cases which were final prior

19  to Blakely.  Petitioner's conviction became final on April 7, 2002, i.e., forty days after the California

20  Court of Appeal upheld Petitioner's 2001 conviction.  (Doc. 30, p. 3 (case no. 1:06-01796-AWI-

21  TAG)).  Blakely was not decided until June 24, 2004, over two years later.  Thus, even if Petitioner

22  could avoid the statute of limitation problem that is fatal to his petition, Cunningham would not,

23  under Teague, apply retroactively to Petitioner's sentence.

24       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

25       Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

26  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

27  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

28  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

delay in the intervals between a lower court decision and the filing of a petition in a higher court.

Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

(9th Cir. 1999).

       Nevertheless, there are circumstances and periods of time when no statutory tolling is

allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

appeal and the filing of an application for post-conviction or other collateral review in state court,

because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

In addition, the limitation period is not tolled during the time that a federal habeas petition is

pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

does not permit the reinitiation of the limitations period that has ended before the state petition was

filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

447 F.3d 1165, 1166 (9th Cir. 2006).

       Here, Petitioner alleges filing the following state habeas corpus petitions that relate to the

claims in the instant petition: (1) filed in the Kern County Superior Court on February 28, 2007 and

denied on March 26, 2009; (2) filed in the California Court of Appeal, Fifth Appellate District on

June 2, 2009 and denied on June 11, 2009; and (3) filed in the California Supreme Court on March

24, 2010, and denied on October 20, 2010.  (Doc. 1, Ex. A).

7

1      Even assuming, for purpose of argument, that the foregoing state petitions were "properly

2 filed" within the meaning of the AEDPA, they do not entitle Petitioner to any statutory tolling

3 because the one-year period had expired prior to the filing of the first of those petitions.  A petitioner

4 is not entitled to tolling where the limitations period has already run prior to filing a state habeas

5 petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th

6 Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.

7 Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the

8 limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d

9 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after

10 expiration of the one-year limitations period).   Here, as mentioned, the limitations period expired on

11 April 7, 2003, approximately four years *before* Petitioner filed his first state habeas petition related to

12 the issues in this petition. Accordingly, he cannot avail himself of the statutory tolling provisions of

13 the AEDPA.

14      D.  Equitable Tolling

15      The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

16 equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

17 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

18 period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

19 make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

20 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

21 petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

22 statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

23 "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

24 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

25 his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

26 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

27 the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

28 omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

1    1107.

2         Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

3    the record now before the Court, the Court sees no basis for such a claim.  Indeed, it appears to the

4    Court that Petitioner, having suffered the dismissal of his earlier petition as untimely, has simply "re-

5    packaged" his claims and is attempting to obtain a "second bite of the apple."   Accordingly, it does

6    not appear to the Court at this time that Petitioner is entitled to equitable tolling.  Thus, the petition is

7    untimely and should be dismissed.  However, the Court, pursuant to the Ninth Circuit's mandate in

8    <u>Herbst</u>, will afford Petitioner a chance to provide any additional information regarding the timeliness

9    of the instant petition.  If Petitioner's response fails to persuade the Court that the petition was

10   indeed timely under the AEDPA, the Court will issue a recommendation that the petition be

11   dismissed.

12                                                        **<u>ORDER</u>**

13        For the foregoing reasons, the Court HEREBY ORDERS:

14        1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

15             of this Order why the Petition should not be dismissed for violation of the one-year

16             statute of limitations in 28 U.S.C. § 2244(d).

17        Petitioner is forewarned that his failure to comply with this order may result in a

18   Recommendation that the Petition be dismissed pursuant to Local Rule 110.

19

20   IT IS SO ORDERED.

21   Dated:  __**January 5, 2011**__                                   _____**/s/ Jennifer L. Thurston**_____
                                                                    UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                                          9