UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEROY STORIE, | ) | 1:10-cv-02236JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS FOR VIOLATION OF |
| v. | ) | 28 U.S.C. 2254(D)(1)'S ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| M. C. KRAMER, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| | | CERTIFICATE OF APPEALABILITY |
| | | |
| | | ORDER GRANTING PETITIONER'S |
| | | MOTION FOR RETURN OF DOCUMENTS |
| | | (Doc. 7) |
| | | |
| | | ORDER DIRECTING CLERK OF COURT |
| | | TO RETURN TO PETITIONER ALL |
| | | ORIGINAL DOCUMENTS AND EXHIBITS |
| | | CONTAINED IN DOCUMENT 7 |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on

November 23, 2010.[1]  On January 5, 2011, after a preliminary review of the Petition revealed that the petition may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely.  (Doc. 5).  That Order to Show Cause gave Petitioner thirty days in which to file a response.  On January 24, 2011, Petitioner filed his one-page response.  (Doc. 8).  Apparently in conjunction with his response, Petitioner also filed the entire Clerk's Record on Appeal from his direct appeal as a supplement to the instant petition.  (Doc. 7).  In that filing, Petitioner requested the return of those documents at the conclusion of this case.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the Order to Show Cause on January 5, 2011, the Court afforded Petitioner the notice required by the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on November 23, 2010.  (Doc. 1, p. 6).

1  Ninth Circuit in <u>Herbst</u>.

2    B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on November 23, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on February 9, 2001 and sentenced on

March 13, 2001 to a determinate term of twenty-two years.[2]  (Doc. 1, p. 1; Doc. 19, Lodged Documents ("LD") 1).   On February 26, 2002, California Court of Appeal for the Fifth Appellate District ("5th DCA") denied the appeal.  (LD 2).  Petitioner has not alleged, and there is no evidence to establish, that he ever filed a Petition for Review in the California Supreme Court during his direct appeal.  Thus, direct review would have concluded and Petitioner's conviction would have become final, forty days after the California Court of Appeal filed its opinion on February 26, 2002.  See Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  That date would be April 7, 2002.  Petitioner would then have one year from the following day, April 8, 2002, or until April 7, 2003, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

In case no. 1:06-cv-01796-AWI-TAG, this Court concluded that the petition filed on December 7, 2006, was untimely under the AEDPA as having been filed three and one-half years after the one-year period had expired.[3]  In this case, the instant petition was filed on November 23, 2010, over seven and one-half years *after* the limitations period expired.  Under normal circumstances, the Court would next turn to the issue of statutory tolling to see if there are grounds for finding the instant petition timely under the AEDPA.

It appears, however, that Petitioner is contending that, because the claims in the instant petition are premised on the United States Supreme Court's holding in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), which held that California's determinate sentencing law was unconstitutional because it permitted trial courts to sentence defendants to the upper term based on facts that had not been proven to a jury beyond a reasonable doubt, his claim under the AEDPA did

---

[2]These facts are taken from this Court's Findings and Recommendations in a prior habeas corpus proceeding filed in this Court by Petitioner in case no. 1:06-cv-01796-AWI-TAG.  In that case, as in this one, Petitioner was challenging his 2001 conviction in the Kern County Superior Court.  On February 6, 2009, the Court in case no. 1:06-cv-01796-AWI-TAG issued Findings and Recommendations to grant Respondent's motion to dismiss the petition as untimely, and on March 31, 2009, the U. S. District Judge adopted the Magistrate Judge's Findings and Recommendations, entered judgment against Petitioner, and closed the file.  In Respondent's motion to dismiss in that case, Respondent lodged documents relevant to the petition's timeliness under the AEDPA and, based on those lodged documents, the Court made findings in its Findings and Recommendations in that case.  The references in this section to document and page numbers refer to the lodged documents in that earlier case.

[3]The Court reached that conclusion after considering the tolling effects, or lack thereof, of various state habeas petitions filed by petition to exhaust the claims raised in the earlier petition.

4

1  not accrue until after Cunningham was announced, thereby making the instant petition timely.
2  Petitioner is mistaken.
3        As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when
4  "the factual predicate of the claim or claims presented could have been discovered through the
5  exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting*
6  Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually
7  discovered by Petitioner and not when Petitioner understands the *legal theories available to him or*
8  *the legal significance of the facts* that he discovers. Due diligence does not require "the maximum
9  feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v.
10 Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004);
11 see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000). It is not necessary for a
12 petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner
13 understands the facts themselves. Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time
14 begins when the prisoner knows (or through diligence could discover) the important facts, not when
15 the prisoner recognized their legal significance.") To "have the factual predicate for a habeas
16 petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the
17 exercise of due diligence could have discovered) facts suggesting both unreasonable performance
18 and resulting prejudice." Hasan, 254 F.3d at 1154. In order to claim the benefit of tolling in this
19 case, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002);
20 Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5
21 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would
22 give rise to tolling).
23       Here, no later than the conclusion of his trial in 2001, Petitioner was aware that the trial court
24 was sentencing him on enhancements that had not been submitted to and found true by the jury.
25 That Petitioner, due to his lack of legal training, may not have appreciated the legal significance of
26 those facts vis-a-vis a federal habeas petition, does not alter the fact that he was aware of these
27 *factual bases* for his claims no later than the end of his criminal trial. Accordingly, even under
28 subsection (d)(1)(D), the one-year period would have commenced and expired within a year of that

5

date.

Presumably, Petitioner is contending that he could not have had a federal claim based on Cunningham until that case was decided on January 22, 2007. Under this view of § 2244(d)(1)(D), the one year limitations period would begin when a prisoner actually understands what legal theories are available to him. However, as mentioned previously, such an interpretation is incorrect. According to the wording of the statute, the one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner. In addition, the trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the claim's "factual predicate," *not* the appreciation of the facts' legal significance. Stated differently, the time begins when the prisoner knows, or through diligence could discover, the salient facts, not when he recognizes the legal significance of those facts.

In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the enhancements imposed on him as of the Kern County Superior Court's sentencing in 2001 was based in part upon facts not found by a jury beyond a reasonable doubt. Thus, the United States Supreme Court's decision in Cunningham some six years after Petitioner was sentenced, did not provide Petitioner with the "factual predicate" for his claim of an unconstitutional sentence. Cunningham merely provided additional context for the legal significance of those facts. As such, the one-year limitation period commenced from the "normal" date, i.e., the day following the conclusion of direct review, i.e., on April 8, 2002, not the date Cunningham was decided.

Even were this not the case, Petitioner still could not avail himself of the decision in Cunningham. In Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that the Cunningham decision, by holding that the decision was compelled by the Supreme Court's prior decision in Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before Blakely, *not* Cunningham, was decided. Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the

6

> constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied). Blakely is therefore the case on which Petitioner's case depends because Blakely is not retroactively applied. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). In other words, Cunningham cannot be applied retroactively for cases which were final prior to Blakely. Petitioner's conviction became final on April 7, 2002, i.e., forty days after the California Court of Appeal upheld Petitioner's 2001 conviction. (Doc. 30, p. 3 (case no. 1:06-01796-AWI-TAG)). Blakely was not decided until June 24, 2004, over two years later. Thus, even if Petitioner could avoid the statute of limitation problem that is fatal to his petition, Cunningham would not, under Teague, apply retroactively to Petitioner's sentence.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007;

1   Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is
2   allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.
3   In addition, the limitation period is not tolled during the time that a federal habeas petition is
4   pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.
5   Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a
6   petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing
7   a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)
8   does not permit the reinitiation of the limitations period that has ended before the state petition was
9   filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to
10  continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,
11  447 F.3d 1165, 1166 (9th Cir. 2006).

12      Here, Petitioner alleges filing the following state habeas corpus petitions that relate to the
13  claims in the instant petition: (1) filed in the Kern County Superior Court on February 28, 2007 and
14  denied on March 26, 2009; (2) filed in the California Court of Appeal, Fifth Appellate District on
15  June 2, 2009 and denied on June 11, 2009; and (3) filed in the California Supreme Court on March
16  24, 2010, and denied on October 20, 2010.  (Doc. 1, Ex. A).

17      Even assuming, for purpose of argument, that the foregoing state petitions were "properly
18  filed" within the meaning of the AEDPA, they do not entitle Petitioner to any statutory tolling
19  because the one-year period had expired prior to the filing of the first of those petitions.  A petitioner
20  is not entitled to tolling where the limitations period has already run prior to filing a state habeas
21  petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th
22  Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.
23  Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the
24  limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d
25  919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after
26  expiration of the one-year limitations period).  Here, as mentioned, the limitations period expired on
27  April 7, 2003, approximately four years *before* Petitioner filed his first state habeas petition related to
28  the issues in this petition. Accordingly, he cannot avail himself of the statutory tolling provisions of

the AEDPA.

### D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Indeed, it appears to the Court that, having suffered the dismissal of his earlier petition as untimely, Petitioner has simply "re-packaged" his claims and has used the intervening decision in Cunningham in an attempt to avoid the preclusive effects of AEDPA's one-year limitation period. Petitioner's response to the Order to Show Cause effectively concedes as much.

In his response, however, Petitioner does mention in passing that he is actually innocent of the crimes for which he was convicted. Such a claim of actual innocence, however, is not a proper basis for tolling the AEDPA's one-year period, either based on statutory or equitable tolling. In Lee v. Lampert, 610 F.3d 1135 (9th Cir. 2010), the Ninth Circuit held that the AEDPA's one-year statute of limitation contained no exception for a claim of actual innocence. The appellate court began by

9

rejecting the contention that "actual innocence" was a sub-type of equitable tolling:

> "Nor is the actual innocence exception a species of equitable tolling, such that the presumption in favor of equitable tolling entails a presumption in favor of an actual innocence exception. Quite the contrary, the actual innocence exception is not a type of tolling because it does not involve extending a statutory period for a particular amount of time. Moreover, the actual innocence exception has nothing to do with failing to meet a deadline because of extraordinary circumstances, which is the situation addressed by equitable tolling. [Citation omitted.] Our inquiry, therefore, is not limited to whether there is sufficient evidence to rebut a presumption. Rather, we must determine the best reading of the statute in the first instance."

Lee, 610 F.3d at 1129. The Court went on to explain why a claim of actual innocence will not toll the AEDPA's one-year limitation period:

> "The omission of 'actual innocence' from the enumerated list of exceptions in the statutory text is significant, as four of our sister circuits have held. Since 'section 2244(d) comprises six paragraphs defining its one-year limitations period in detail and adopting very specific exceptions,' the First Circuit reasoned, 'Congress likely did not conceive that the courts would add new exceptions and it is even more doubtful that it would have approved such an effort.' [Citation.] It is not our place to 'engraft an additional judge-made exception onto congressional language that is clear on its face.' [Citation.] We 'cannot alter the rules laid down in the text.' [Citation.] The 'one-year limitations period established by 2244(d) contains no explicit exemption for petitions claiming actual innocence,' and we decline to add one."

Lee, 610 F.3d at 1129; see Souliotes v. Evans, 622 F.3d 1173, 1175-1176 (citing Lee as authority to reject petitioner's equitable tolling claim based on actual innocence). The Ninth Circuit's holding is consistent with four other circuits that have reached a similar conclusion. See Escamilla v. Jungwirth, 426 F.3d 868, 871-872 (7th Cir. 2005); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Flanders v. Graves, 299 F.3d 974, 976-978 (8th cir. 2002). Accordingly, Petitioner's claim of actual innocense is irrelevant to the question of the petition's timeliness under the AEDPA. Lee, 610 F.3d at 1128. Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling and, thus, the petition is untimely and must be dismissed.

Furthermore, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
   (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for violation of the one-year statute of limitations in 28 U.S.C. 2244(d)(1);
2. The Clerk of the Court is DIRECTED to enter judgment and close the case;
3. The Court DECLINES to issue a certificate of appealability;
4. Petitioner's motion for return of exhibits submitted as part of Document 7 is GRANTED;

1      and,

2   5. The Clerk of the Court is DIRECTED to return to Petitioner the originals of all documents and exhibits submitted as part of Document 7.

IT IS SO ORDERED.

Dated: **March 10, 2011**                                                 **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE